UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24242-CIV-GAYLES

**MARTHA MAY EDGERTON**,

    Plaintiff,

v.

**THE SCHOOL BOARD OF
MIAMI-DADE COUNTY, FLORIDA**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion to Recuse (the "Motion"). [ECF No. 36]. The Court has reviewed the Motion and the record and is otherwise fully advised.

## BACKGROUND

Plaintiff, appearing *pro se*, filed this action against the School Board of Miami-Dade County, Florida ("Defendant"), alleging claims for employment discrimination (Count I), harassment (Count II), and retaliation (Count III) under Title VII of the Civil Rights Act of 1964. She also asserts a negligence claim for failing to properly maintain the business premises (Count IV). In her Motion, Plaintiff contends that the Court has a conflict of interest based on its participation in the 5000 Role Models of Excellence program (the "Program"). [ECF No. 36]. In particular, Plaintiff alleges that the Court's participation as a mentor in the Program is a basis for recusal because (1) her supervisor attends events for the Program, (2) the Program was founded by a former employee and member of the Board, and (3) the Program has an office in Defendant's administration building. *Id.*

## **DISCUSSION**

"Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal [and are] construed *in pari materia.*" *Ray v. Equifax Info. Services, LLC*, 327 F. App'x 819, 824 (11th Cir. 2009) (internal citation omitted). "Under these statutes, judges are presumed to be impartial[,] and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality." *Guthrie v. United States*, 12-22193-CIV, 2013 WL 5536117, at *1-2 (S.D. Fla. Oct. 7, 2013).

Section 445(a) mandates that a judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, § 455(b) mandates that a judge "disqualify himself" when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).[1] "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (internal quotations omitted). Here, the Motion does not contain sufficient detail to find that an objective observer would question the Court's impartiality. Indeed, Plaintiff does not explain how the Program is connected to her lawsuit other than having an office at the Defendant's Administration Building. And there's nothing to suggest that the Court knows or has even met Plaintiff's supervisor or any other potential witness. As a result, the Motion is denied without prejudice.

In addition, 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a

---

[1] The other grounds for disqualification under § 455(b) are not applicable here.

personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Here, Plaintiff failed to file an affidavit stating facts to show bias or prejudice. As a result, the Motion fails to comply with § 144 and shall be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Recuse, [ECF No. 36], is **DENIED without prejudice.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of July, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE